# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONNA TIBBS on behalf of B.Z.T.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-399-SPS |
| | ) | |
| **JOANNE B. BARNHART,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

The claimant Donna Tibbs requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits for her son B.Z.T. under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that BZT was not disabled. For the reasons discussed below, the decision of the Commissioner is REVERSED AND REMANDED.

**Social Security Law and Standard of Review**

Under the Social Security Act, disability is defined for persons under the age of 18 as a medically determinable physical or mental impairment that causes marked and severe functional limitations that can be expected to cause death or that have lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate

a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whether the record detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

---

[1] Step one requires the claimant establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires the claimant establish she has a severe impairment or combination of impairments. If the claimant is engaged in substantial gainful activity or is found not to have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, she is considered not disabled. At step three, the claimant's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments that meet or medically equal the requirements of the listing or that functionally equal the listing and meet the duration requirement will be found disabled. *See* 20 C.F.R. § 416.924(a)-(d)(2).

## Background and Procedural History

B.Z.T. was born on April 29, 1994, and was ten years old at the time of the administrative hearing. The claimant alleges he was disabled because of von Willebrand's disease and attention deficit hyperactivity disorder ("ADHD"). The claimant filed an application for supplemental security income benefits under Title XVI (42 U.S.C. § 1381 *et seq.*) on February 24, 2003, which application was denied. After a hearing on May 11, 2004, ALJ Michael A. Kirkpatrick found B.Z.T. was not disabled in a decision dated August 31, 2004. The Appeals Council denied review, so the ALJ's findings represent the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined that B.Z.T. had severe impairments, *i. e.*, von Willebrand's disease, ADD/ADHD and a benign fibrous cortical defect of the left proximal media tibia, but that such impairments did not meet or medically equal any of the relevant listings. The ALJ concluded that B.Z.T. was therefore not disabled (Tr. 15-16).

## Review

The claimant contends the ALJ erred: (i) by improperly weighing (and ultimately rejecting) the opinion of B.Z.T.'s treating physician; and, (ii) by failing to properly analyze the credibility of B.Z.T. and the claimant. The Court finds that the claimant's first contention is dispositive of this appeal and therefore declines to address the second at this time.

The treating physician whose opinion is in issue is Kenneth Foster, M.D., who first saw B.Z.T. on January 29, 2003. He diagnosed B.Z.T. with PTSD, ADHD, and a medical

condition that affected his psychological status and functioning, and assigned a global assessment of functioning (GAF) score of 37. Dr. Foster opined that B.Z.T. was seriously mentally ill, noting that he suffered from anxiety, panic and paranoia, that he had a restricted affect and mood and that he engaged in suppression and displacement. He also questioned whether B.Z.T. had suicidal ideations. Dr. Foster prescribed Zyprexa and Prozac and recommended that B.Z.T. undergo outpatient treatment (Tr. 237). At a subsequent visit on February 19, 2003, Dr. Foster noted that B.Z.T.'s psychotic features, depression, and anxiety were in remission or partial remission, but determined there was a continued need for medication. He prescribed Risperdal, Prozac, and Paxil at that time (Tr. 235).

The ALJ's written decision makes no mention whatever of Dr. Foster, his treatment records or any of his findings as to B.Z.T.'s medical limitations. While "an ALJ is not required to discuss every piece of evidence[,]" *Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir.1996), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), he "*must* discuss 'the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.'" *Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004), *quoting Clifton,* 79 F.3d at 1010 [emphasis added]. Further, an ALJ must give controlling weight to the medical opinion of a treating physician "if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) [quotations omitted]. If such an opinion is not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give it by analyzing all of the factors set

forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§ 416.927].'"), *quoting Watkins*, 350 F.3d at 1300 [quotation omitted]. The pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Finally, "if the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so[,]" *id.* at 1301 [quotations omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300. The failure by the ALJ to discuss any of this in his written decision suggests that he simply ignored Dr. Foster's findings and treatment records, which he clearly may not do under the applicable standards. *See, e. g., Clifton,* 79 F.3d at 1010 ("The record must demonstrate that the ALJ considered *all* of the evidence.") [emphasis added].

The Commissioner argues that the ALJ implicitly rejected Dr. Foster's opinions and that there is substantial evidence to support a finding of non-disability, *i. e.*, that any error by the ALJ was harmless. But this Court sits in review and may not analyze the medical

-5-

evidence for the ALJ. *See, e. g., Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-169 (1962). *See also Drapeau*, 255 F.3d at 1214 (A reviewing court is "not in a position to draw factual conclusions on behalf of the ALJ."), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). Thus, the decision of the Commissioner must therefore be reversed and the case remanded for proper analysis by the ALJ of any medical evidence available from Dr. Foster. Because this analysis may in turn affect the ALJ's various credibility findings, the Court will not at this time address the claimant's second contention, which addresses those findings.

## Conclusion

The Court FINDS that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings not inconsistent herewith.

**DATED** this 4th day of January, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**